Dear Ms. Fontenot and Mayor Normand:
This office is in receipt of your request for additional information relative to Atty. Gen. Op. 02-77 which was in regard to proposed ordinances concerning the Town Police Department. You now ask the following questions:
 1. Does the existence of an ordinance recognizing an Assistant Chief of Police mandate the existence of one?
 2. Would any additional action be necessary for the hiring or firing of this position, in light of the ordinance?
 3. Does the existence of an ordinance recognizing a position of Assistant Chief of Police have any other effect on the general Lawrason Act provisions?
In regard to your first question we find stated in Atty. Gen. Op. 01-07 that a newly elected chief of police may not replace an assistant chief of police with someone of his own choosing, and quoting Atty. Gen. Op. 88-532, this office then observed as follows:
 Accordingly, the Board of Aldermen for the Town of Baldwin may, by ordinance, create the position of Assistant Chief of Police and it may entertain the recommendation of the chief of police for personnel to fill that position. Since the police chief has no authority to hire and fire police personnel, it is the Board of Aldermen who ultimately must appoint the assistant to the chief of police. Further, the Board of Aldermen is not bound to accept the recommendation of the Chief of Police for the Assistant Chief's position.
In response to your question whether the existence of an ordinance recognizing an Assistant Chief of Police mandates the existence of one, we find the answer is found in the statement of this office that "the former chief of police had no authority to either create or abolish the position of assistant chief of police, and his attempt to do so had no effect."
Additionally, we feel these comments should answer your question as to whether any additional action would be necessary for the hiring or firing of this position in light of the ordinance. As stated above "the police chief has no authority to hire and fire police personnel". In accordance with R.S. 33:423 for Lawrason Act communities which have an elected chief of police "he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel." The ordinance appears to be consistent with this statutory provision wherein it provides the assistant chief of police shall be appointed and removed by the mayor and council "upon recommendation of the Chief of Police."
In response to your final question as to whether the ordinance recognizing a position of Assistant Chief of Police has any other effect on the general Lawrason Act provisions, we feel, as stated in the earlier opinion, that the provision that directs that the Assistant Chief of Police shall perform such duties as assigned by the Chief of Police "or the Mayor" is invalid inasmuch as the governing authority cannot revoke or interfere with the inherent powers of the elected chief of police to supervise the operation of the police department and assign its personnel and control its equipment. The Mayor cannot assign duties to police officers without the concurrence of the elected Chief of Police.
We hope this clarifies the earlier opinion of this office, and sufficiently answers your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: May 13, 2002